## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 1:23-cv-13194-JEK |
| HONGNIAN GUO, | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM AND ORDER

**KOBICK, J.**

Defendant Hongnian Guo has filed a Notice of Removal seeking to remove *Commonwealth v. Guo*, No. 2309CR00439, a criminal action pending against him in the Brookline District Court, to this Court.[1] Because Mr. Guo fails to satisfy his burden of establishing that this action is within this Court's removal jurisdiction, the case will be remanded to the Brookline District Court pursuant to 28 U.S.C. §§ 1447(c) and 1455(b)(4).

## BACKGROUND

On December 26, 2023, Mr. Guo, proceeding *pro se*, filed a Notice of Removal, alleging as grounds for removal that this Court has diversity jurisdiction and federal question jurisdiction. ECF 1, ¶ 1. In support of his assertion that diversity exists, Mr. Guo states, "Brookline District

---

[1] Mr. Guo also provides 2309AC000500-WR, another criminal action, as a docket number underlying his notice of removal. Based on the exhibits attached to Mr. Guo's Notice of Removal, 2309AC000500-WR appears to be the docket under which the application for the original criminal complaint was filed. *See* ECF 1-1, at 12-13. The docket number for the subsequent criminal complaint, alleging violation of an abuse prevention order under M.G.L. c. 209A, § 7, is No. 2309CR00439 in the Brookline District Court.

Court is the district court, who has no jurisdiction of the defendant. The defendant has been a Citizen of the commonwealth of Rhode Island since June 01, 2023." *Id.* ¶ 1(1). In support of his assertion that federal question jurisdiction exists, Mr. Guo alleges that the Brookline District Court has violated various provisions of the United States Constitution, including the Fifth Amendment; the Sixth Amendment; Article IV, § 1; Article I, § 10; and Article IV, § 3. *Id.* ¶ 1(2)(a). Mr. Guo also alleges that the Brookline District Court violated the False Claims Act. *Id.* Attached to the Notice of Removal is a copy of the criminal complaint from the Brookline Police Department and Brookline District Court, ECF 1-1, two supporting affidavits, ECF 1-2, 1-3, the civil cover sheet, ECF 1-4, and the civil category form, ECF 1-5.

On March 19, 2024, the Commonwealth filed its opposition to the Notice of Removal, requesting that the Court remand the action to the Brookline District Court. ECF 18. The Commonwealth argues that Mr. Guo's Notice of Removal is untimely and fails to allege grounds showing good cause to excuse his late filing. *Id.* at 1, 3. The Commonwealth also contends that Mr. Guo has failed to meet the substantive grounds for removal of a state criminal action to federal court. *Id.* at 1, 4-6.

## DISCUSSION

The Court liberally construes Mr. Guo's Notice of Removal because he is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). Nevertheless, as the removing defendant, Mr. Guo bears the burden of establishing that this case is within the federal court's removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). If it "clearly appears on the face of the notice [of removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

The Commonwealth argues, and the Court agrees, that Mr. Guo has failed to demonstrate timely removal of his pending criminal action. *See* ECF 18, at 3. Under 28 U.S.C. § 1455(b)(1), a "notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file notice at a later time." Here, the Notice of Removal is untimely, because it was not filed within thirty days following Mr. Guo's arraignment in the Brookline District Court. *See* 28 U.S.C. § 1455(b)(1). The criminal complaint from the Brookline Police Department and Brookline District Court reflects that Mr. Guo was arraigned on November 16, 2023. ECF 1-1, at 5. Thus, Mr. Guo was required to file the Notice of Removal by December 16, 2023. Mr. Guo did not file the Notice of Removal, however, until December 26, 2023. ECF 1. Mr. Guo has not alleged any ground showing good cause for an order granting him "leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1).

Even if the Notice of Removal had been timely or if Mr. Guo had shown good cause for his failure to file by December 16, 2023, Mr. Guo has not established that any of the limited substantive grounds for removal apply.[2] The available grounds for removal of a state criminal prosecution are limited to those set forth in 28 U.S.C. §§ 1442(a), 1442a, 1443(1), and 1443(2). *Commonwealth v. Vilbon*, No. 21-cv-11510-IT, 2021 WL 5180237, at *1 (D. Mass. Nov. 8, 2021). Federal officers and agencies, 28 U.S.C. § 1442(a), and members of the armed forces, *id.* § 1442a,

---

[2] "A notice of removal of a criminal prosecution shall include all grounds for such removal." 28 U.S.C. § 1455(b)(2). Although Mr. Guo's Notice of Removal did not identify the potential grounds for removal discussed herein, the Court opts to explain why they are nevertheless inapplicable in this case. The two bases for removal that *are* identified in the Notice of Removal—federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332—supply subject matter jurisdiction for civil actions, not criminal actions like the one Mr. Guo attempts to remove here.

3

may remove criminal prosecutions related to acts performed under color of law. Any defendant may remove a criminal prosecution where he or she is "denied or cannot enforce in the courts of [the state] a right under any law providing for the equal civil rights of citizens of the United States, or all persons within the jurisdiction thereof." *Id.* § 1443(1). And federal officers or agents, or those authorized to act with or for them, may remove criminal prosecutions "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." *Id.* § 1443(2); *see City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966) ("[Section 1443(2)] confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.").

Sections 1442(a) and 1442a are inapplicable here because Mr. Guo does not allege that he is a federal officer or a member of the armed forces. *See* 28 U.S.C. §§ 1442(a), 1442a. Section 1443(2) is also inapplicable because Mr. Guo does not allege that he is a federal officer or agent, or someone "authorized to act with or for them in affirmatively executing duties under a federal law providing for equal civil rights." 28 U.S.C. § 1443(2); *see City of Greenwood*, 384 U.S. at 824. And Section 1443(1) is inapplicable because Mr. Guo does not allege that he has been (1) denied a right that "arises under a federal law 'providing for specific civil rights stated in terms of racial equality,'" and (2) that he is "'denied or cannot enforce' the specified federal [civil] rights 'in the courts of [Massachusetts].'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)) ("[A] removal petition under 28 U.S.C. § 1443(1) must satisfy [this] two-pronged test."); *see also Maine v. Counts*, No. 22-1841, 2023 WL 3167442, at *1 (1st Cir. Feb. 16, 2023) (relying on the two-pronged test in *Johnson* to assess whether the district court properly ordered a summary remand pursuant to 28 U.S.C. § 1455(b)(4)). Mr. Guo asserts in

conclusory fashion that the Brookline District Court has violated his rights under the Fifth Amendment; the Sixth Amendment; Article IV, § 1; Article I, § 10; Article IV, § 3; and the False Claims Act. ECF 1, ¶ 1(2)(a). But he does not contend that these alleged violations amount to infringements of "specific civil rights stated in terms of racial equality." *Johnson*, 421 U.S. at 219. At best, Mr. Guo "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination." *Id.* Such general allegations do not suffice to establish that removal is proper under 28 U.S.C. § 1443(1). *See id.*; *see also City of Greenwood*, 384 U.S. at 287 ("It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.").

## CONCLUSION

For the foregoing reasons, this action is REMANDED to the Brookline District Court pursuant to 28 U.S.C. §§ 1447(c) and 1455(b)(4). Mr. Guo's motion for leave to file electronically, ECF 5, and motion to request a jury trial, ECF 16, are DENIED as moot. The Clerk is directed to mail a copy of this order to Mr. Guo and the Brookline District Court. The Clerk shall enter a separate Order of Remand, and the remand shall be transmitted by the Clerk in accordance with Local Rule 81.1(d).

SO ORDERED.

/s/ Julia E. Kobick
Julia E. Kobick
United States District Judge

Dated: April 5, 2024